UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ATHAN P. MAGGANAS; DIMITRI P. MAGGANAS; ERIC RONALD AMUNDSON; and DOES 1-10,<br><br>    Defendants. | Case No: C 17-03075 SBA<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE**<br><br>Dkt. 25 |

Plaintiff Scott Johnson ("Plaintiff") brings the instant action against Defendants Athan P. Magganas ("Athan"), Dimitri P. Magganas ("Dimitri"), and Eric Ronald Amundson ("Amundson") (collectively, "Defendants") for violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. Dkt. 1. Presently before the Court is Plaintiff's second motion to extend the time to complete service on Athan. Dkt. 25. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion IN PART, for the reasons stated below.

I. **BACKGROUND**

Plaintiff, an individual with physical disabilities, alleges he encountered access barriers at the Pleasant Hill Cyclery store located at 1100 Contra Costa Boulevard in Pleasant Hill, California. Compl. ¶¶ 1, 14-22. Athan and Dimitri own the real property located at 1100 Contra Costa Boulevard, id. ¶¶ 2-5; Amundson owns the store, id. ¶¶ 6-9.

**1** On May 27, 2017, Plaintiff filed a Complaint against Defendants for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. Dkt. 1. Admunson was served on June 5, 2017, Dkt. 8, and filed an answer on June 23, 2017, Dkt. 10. Dimitri was served on June 27, 2017, Dkt. 13, but has not answered. Athan has not yet been served.

On September 21, 2017, Plaintiff filed a motion requesting an extension of the time to complete service on Athan, Dkt. 19, as well as an application to serve Athan by publication, Dkt. 20. The Court denied the application to serve Athan by publication without prejudice to renewal, but granted the motion to extend the time to complete service. Order, Dkt. 21. The Court ordered Plaintiff to complete service on Athan within 60 days, which term expired on December 30, 2017. Id.

On November 3, 2017, default was entered against Dmitri. Dkt. 23.

On January 2, 2018, Plaintiff filed the instant motion to further extend the time to complete service on Athan pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). Dkt. 25. Plaintiff asserts that he has made a number of additional attempts to serve Athan, but has failed to effectuate service in the time allotted. Plaintiff therefore requests an additional 60 days from the date his motion is granted to complete service.

## II. DISCUSSION

A plaintiff is responsible for serving a summons and a copy of the complaint in the time allowed by Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(c)(1). As is pertinent here, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) thus provides "two avenues for relief." Crowley v. Bannister, 734 F.3d 967, 976 (9th Cir. 2013) (quoting Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)). "The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court

may extend time for service upon a showing of excusable neglect. Id. (quoting Lemoge, 587 F.3d at 1198 (internal citations and emphasis omitted)).

Here, Plaintiff neither invokes the "good cause" standard, nor addresses the factors pertinent to such an inquiry.[1] The Court thus applies the "excusable neglect" standard. "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394 (1993)); see also Lemoge, 587 F.3d at 1192 (applying the excusable neglect standard in the context of Rule 4(m)); In re Sheehan, 253 F.3d at 514 (same). The Court addresses these factors in turn.

First, with regard to prejudice to the opposing party, it does not appear that a limited further extension of the time to complete service will prejudice Athan (or Dmitri, who has defaulted). However, Admunson answered the complaint seven months ago, and is entitled to a speedy resolution of the action against him.

Second, with regard to the length of the delay and its potential impact on the proceedings, the Court notes that this action has been pending for eight months, and that Plaintiff has had more than 240 days to effectuate service on Athan. While this case has been pending for quite some time, it is only in its embryonic stages. Indeed, the initial case management conference has not yet occurred. Thus, the continued failure to complete service is impeding the progress of this action.

Third, with regard to the reason for the delay, the Court notes that Plaintiff has made a number of unsuccessful attempts to serve Athan. Thus, the failure to effectuate service is

---

[1] At a minimum good cause requires a showing of excusable neglect. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (citing Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)). Additionally, "in order to bring the excuse to the level of good cause" a plaintiff may be required to show that: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed. Id. (citing Boudette, 923 F.3d at 756).

not the result of mere inattention.  Nevertheless, as of November 6, 2017, Plaintiff's counsel had confirmed Athan's phone number, business address and business fax number. See Mot. ¶ 7.  Yet nearly three months have passed and service has not been effectuated. The Court notes that Plaintiff is required to make diligent efforts to either complete service via a statutorily authorized means or seek leave (and make the requisite showing) to effectuate service by some alternative means.

Finally, with regard to the fourth factor, there is no indication that Plaintiff has acted in bad faith.

In view of the foregoing, the Court GRANTS IN PART Plaintiff's motion for an extension of the time to complete service on Athan.  Taking into account both Plaintiff's prior efforts to effectuate service and the significant delay since the institution of this action, the Court hereby extends the time to complete service on Athan by 30 days from the date this Order is entered.  At the expiration of this 30-day period, Plaintiff will have been afforded over 270 days (or three times the standard 90 days) to complete service. Consequently, absent exigent and unforeseen circumstances, no further extension shall be granted.  If proof of service is not filed on or before Friday, March 2, 2018, the Court will dismiss defendant Athan P. Magganas from this action pursuant to Rule 4(m) without further notice.

IT IS SO ORDERED.

Dated: 01/30/2018

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge