UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>vs.<br><br>ATHAN P. MAGGANAS; DIMITRI P. MAGGANAS; ERIC RONALD AMUNDSON; and DOES 1-10,<br><br>  Defendants. | Case No: C 17-03075 SBA<br><br>**ORDER DENYING DEFENDANT AMUNDSON'S MOTION FOR STAY AND EARLY EVALUATION CONFERENCE**<br><br>Dkt. 30 |

  Plaintiff Scott Johnson ("Plaintiff") brings the instant action against Defendants Athan P. Magganas ("Athan"), Dimitri P. Magganas ("Dimitri"), and Eric Ronald Amundson ("Amundson") (collectively, "Defendants") for violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. Dkt. 1. Presently before the Court is Amundson's motion to stay the action and refer the parties for an early evaluation conference pursuant to California Civil Code section 55.54. Dkt. 30. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion, for the reasons stated below.

**I. BACKGROUND**

  Plaintiff, an individual with physical disabilities, alleges he encountered access barriers at the Pleasant Hill Cyclery store located at 1100 Contra Costa Boulevard in Pleasant Hill, California. Compl. ¶¶ 1, 14-22. Athan and Dimitri own the real property located at 1100 Contra Costa Boulevard, id. ¶¶ 2-5; Amundson owns the store, id. ¶¶ 6-9.

| | |
|---|---|
| 1 | On May 27, 2017, Plaintiff filed a Complaint against Defendants for violations |
| 2 | of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. and the Unruh |
| 3 | Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51 et seq. Dkt. 1. |
| 4 | Although Admunson and Dimitri were served in June 2017, service on Athan was |
| 5 | initially unsuccessful. After Plaintiff sought two extensions of the time to complete |
| 6 | service, see Dkt. 19 & 25, Athan was finally served on January 31, 2018. Dkt. 29. |
| 7 | Amundson promptly answered the Complaint on June 23, 2017. Dkt. 10. Dmitri |
| 8 | failed to timely answer the Complaint, and default was entered against him on November 3, |
| 9 | 2017. Dkt. 23. Athan also failed to timely answer the Complaint, and default was entered |
| 10 | against him on March 14, 2018. Dkt. 33. |
| 11 | On March 1, 2018, Amundson filed the instant Application for Stay and Early |
| 12 | Evaluation Conference Pursuant to State of California Civil Code Section 55.54. Dkt. 30. |
| 13 | Amundson asserts that his bicycle shop qualifies as a small business, and thus, he is entitled |
| 14 | to invoke the protections of section 55.54. Plaintiff opposes the motion. Dkt. 31. |

## II.   DISCUSSION

Amundson moves to stay the instant proceedings for the purpose of conducting an early evaluation conference pursuant to California Civil Code section 55.54. California's Construction-Related Accessibility Standards Compliance Act ("CRASCA") entitles certain defendants in construction-related accessibility suits to a stay of the proceedings and early evaluation conference. O'Campo v. Chico Mall, LP, 758 F. Supp. 2d 976, 983 (E.D. Cal. 2010) (citing Cal. Civ. Code § 55.54(b)(1)).[1] As discussed below, however, these procedural devices are not applicable in this federal action.

---

[1] For purposes of the CRASCA, "construction-related accessibly claims" means "any civil claim in a civil action with respect to a place of public accommodation . . . based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). In turn, a "construction-related accessibility standard" means "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities . . . ." Id. § 55.52(a)(6).

The ADA preempts section 55.54 insofar as it imposes additional procedural hurdles to litigate accessibility claims. O'Campo, 758 F. Supp. 2d at 985. "[F]or federal law to preempt state law, it is not necessary that a federal statute expressly state that it preempts state law. Federal law preempts state law if the state law 'actually conflicts' with federal law." Hubbard v. SoBreck, LLC, 554 F.3d 742, 744 (9th Cir. 2009). The ADA does not provide for mandatory stays and early evaluation conferences, and thus, section 55.54 conflicts with the ADA. O'Campo, 758 F. Supp. 2d at 985. Accordingly, section 55.54 is inapplicable to Plaintiff's ADA claim. Id.; Daubert v. City of Lindsay, 37 F. Supp. 3d 1168, 1179 (E.D. Cal. 2014).

When resolving state law claims, federal courts apply state substantive law and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). In determining whether a particular law is substantive or procedural for purposes of the Erie doctrine, the pertinent question is whether application of the law will alter the outcome of the suit. Hanna v. Plumer, 380 U.S. 460, 466 (1965). Applying this standard, district courts within California have uniformly found that section 55.54 does not apply to state law claims brought in federal court because its provisions are not outcome determinative. O'Campo, 756 F. Supp. 2d 985 (application of section 55.54 "does not [a]ffect any parties' legal rights or entitlements to relief"); Daubert, 37 F. Supp. 3d at 1180 (same); see also Noble v. Merlo, No. 2:16-cv-1571, 2016 WL 57241950, at *2 (E.D. Cal. Oct. 3 2016). Accordingly, section 55.54 is also inapplicable to Plaintiff's Unruh Act claim.

Finally, the Court notes that, while a district court may stay an action under its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," Landis v. N. Am. Co., 299 U.S. 248, 254 (1936), Amundson has neither sought a stay pursuant to the Court's inherent power nor made a showing that such a stay is appropriate in this action. The Court further notes that ADA litigation in the Northern District of California is governed by General Order 56.[2]

---

[2] The General Orders can be found at http://cand.uscourts.gov/generalorders.

Insofar as Amundson seeks a stay and early conference evaluation in order to facilitate a swift resolution of this action, General Order 56 fulfills that objective. Although progress in this action was initially delayed because of difficulties serving Athan, all of the defendants have now been served. Consequently, the joint inspection and other settlement procedures contemplated in General Order 56 should proceed forthwith.

Accordingly, IT IS HEREBY ORDERED THAT Amundson's motion for a stay of proceedings and early evaluation conference is DENIED.

IT IS SO ORDERED.

Dated: 03/15/2018

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge